IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------X
ZHEN HUI LIN,

                Plaintiff,

 -against-

CENTURY SUPER BUFFET, INC.
(d/b/a Century Super Buffet), WEI ZHANG
and DAVID ZHANG,

                Defendants.
---------------------------------------------------X

**COMPLAINT FOR A CIVIL CASE**

Case No.

Plaintiff ZHEN HUI LIN (hereinafter referred to as "Plaintiff Lin"), by and through his attorney KENNETH W. JIANG, ESQ., alleges upon information and belief, and as against each of Defendants, CENTURY SUPER BUFFET, INC. (d/b/a Century Super Buffet) (hereinafter referred to as "Defendant Century Super Buffet"), WEI ZHANG (hereinafter referred to as "Defendant Wei Zhang"), and DAVID ZHANG (hereinafter referred to as "Defendant David Zhang"), as follows:

## NATURE OF ACTION

1. Plaintiff Lin is a former employee of Defendants Century Super Buffet, Wei Zhang and David Zhang.

2. Defendant Century Super Buffet is/was a buffet restaurant of Chinese-style food located at 220-18 Hillside Avenue, Queens Village, NY 11427.

3. Upon information and belief, Defendants Wei Zhang and David Zhang serve or served as owners, managers, principals or agents of Defendant Century Super Buffet and through these corporate entities operate or operated the restaurant.

4. Plaintiff Lin is a former employee of Defendants.

5. Plaintiff Lin worked as a food preparer and kitchen helper at Defendants' restaurant located at 220-18 Hillside Ave Queens Village, NY 11427.

6. Plaintiff Lin regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Lin appropriately for his hours worked, either at the straight rate of pay, or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Lin the required "spread of hours" pay for any day in which he worked over 10 hours.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lin to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Lin now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 et seq., and the "overtime wage order" codified at N.Y. COMP. CODES R. & REGS. Tit. 12 §§ 142-2.2, 2.4 (2006), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146- 1.6(a) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Lin's state law claims is conferred by 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Lin was employed by Defendants in this district.

PARTIES

13. Plaintiff Lin is an adult individual residing in Queens County, New York.

14. Plaintiff Lin was employed by Defendants from 2011 until on or about March 2022.

15. At all relevant times to this complaint, Plaintiff Lin was employed by Defendants as a food preparer and kitchen helper.

16. Defendants own(ed), operate(d), and/or control(led) buffet restaurant of Chinese-style food located at 220-18 Hillside Avenue, Queens Village, NY 11427 under the name "Century Super Buffet" at all times relevant to this complaint.

17. Upon information and belief, Defendant Century Super Buffet, Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 220-18 Hillside Avenue, Queens Village, NY 11427.

18. Defendants Wei Zhang and David Zhang are individuals engaging in business within this judicial district during the relevant time period. Defendants Wei Zhang and David Zhang are sued individually in their capacity as owners, officers and/or agents of Defendant Century Super Buffet, Inc.

19. Defendants Wei Zhang and David Zhang possess operational control over Defendant Century Super Buffet, Inc., an ownership interest in Defendant Century Super Buffet, Inc., or control significant functions of Defendant Century Super Buffet, Inc. Defendants Wei Zhang and David Zhang determine the wages and compensation of the employees of Defendants,

including Plaintiff Lin, and establish the schedules of the employees, maintain employee records, and have the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### Defendants Constitute Joint Employers

20. Defendants operate(d) buffet restaurant of Chinese-style food located at 220-18 Hillside Ave Queens Village, NY 11427 under the name "Century Super Buffet" at all times relevant to this complaint.

21. Individual defendants Wei Zhang and David Zhang possess operational control over Defendant Corporations, possess an ownership interest in Defendant Century Super Buffet, Inc. and control significant functions of Defendant Century Super Buffet, Inc.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

23. Each defendant possessed substantial control over Plaintiff Lin's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Lin, referred to herein.

24. Defendants jointly employed Plaintiff Lin and are Plaintiff Lin's employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Lin.

26. Upon information and belief, individual defendants operate Defendant Century Super Buffet as either alter ego of themselves and/or fail to operate Defendant Century Super Buffet as legal entity separate and apart from themselves by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Century Super Buffet as separate and legally distinct entities;

(b) defectively forming or maintaining Defendant Century Super Buffet by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Century Super Buffet for their own benefit as the sole or majority shareholders;

(e) operating Defendant Century Super Buffet for their own benefit and maintaining control over it as closed corporations or closely controlled entities;

(f) intermingling assets and debts of their own with Defendant Century Super Buffet's;

(g) diminishing and/or transferring assets of Defendant Century Super Buffet to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Lin's employers within the meaning of the FLSA and NYLL.

28. Defendants had the power to hire and fire Plaintiff Lin, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Lin's services.

29. In each year from 2011 to 2022, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the restaurants on a daily basis were produced outside of the State of New York.

### Plaintiff Has Meritorious Causes of Action against Defendants

31. Plaintiff Lin is a former employee of Defendants.

32. Plaintiff Lin was employed by Defendants from 2011 until on or about March 2022.

33. At all relevant times, Plaintiff Lin was employed by Defendants as a food preparer and kitchen helper. His job duties include chopping, unloading delivery, stove keeping and hall sweeping, etc.

34. Plaintiff Lin regularly handled goods in interstate commerce such as cooking supplies.

35. Plaintiff Lin's work duties required neither discretion nor independent judgment.

36. Throughout his employment with Defendants, Plaintiff Lin regularly worked in excess of 40 hours per week.

37. Typically Plaintiff Lin worked from approximately 10:30 a.m. straight until on or about 10:30 to 11:00 p.m. from Monday through Thursday, and from approximately 10:30 a.m. straight until on or about 11:00 p.m. from Friday and Saturday, six days per week at the Century Super Buffet (typically 73 - 75 hours per week) with Sunday off.

38. For work at Century Super Buffet, Plaintiff Lin was paid his wages in a combination of partly cash and partly company check.

39. From September 2001 through until on or about 2016, Plaintiff Lin was paid a fixed salary of $2,200 - $2,300 monthly.

40. In 2016, Plaintiff Lin was paid a fixed salary of $2,500 monthly.

In 2017, Plaintiff Lin was paid a fixed salary of $2,600 monthly.

In 2018, Plaintiff Lin was paid a fixed salary of $2,800 monthly.

In 2019, Plaintiff Lin was paid a fixed salary of $2,800 monthly.

In 2020, Plaintiff Lin was paid a fixed salary of $2,850 monthly.

In 2021, Plaintiff Lin was paid a fixed salary of $2,850 monthly.

In 2022, from January through March, Plaintiff Lin was paid a fixed salary of $3,000 monthly.

41. Defendants did not provide Plaintiff Lin with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

42. Plaintiff Lin was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

## Defendants Violated Federal and State Laws

43. Defendants never provided Plaintiff Lin with a written notice, in English and in Chinese (Plaintiff Lin's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

43. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lin regarding overtime and wages under the FLSA and NYLL.

44. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lin to work in excess of 40 hours per week without paying him appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

45. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Lin by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

46. Defendants paid Plaintiff Lin in cash or in a combination of check and cash.

47. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

48. By employing this practice, Defendants avoided paying Plaintiff Lin at the minimum wage and at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

49. Defendants failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Lin with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Lin's relative lack of sophistication in wage and hour laws.

50. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Lin worked, and to avoid paying Plaintiff Lin properly for (1) his full hours worked (2) overtime due and (3) spread of hours.

51. Defendants failed to provide Plaintiff Lin with wage statements at the time of his payment of wages, containing: the dates of work covered by Plaintiff Lin; payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

52. Defendants failed to provide Plaintiff Lin, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employee's primary language of Chinese, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer;

the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

### FIRST CAUSE OF ACTION (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

53. Plaintiff Lin repeats and realleges all paragraphs above as though fully set forth herein.

54. At all times relevant to this action, Defendants were Plaintiff Lin's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

55. Defendants had the power to hire and fire Plaintiff Lin, controlled his terms and conditions of employment, and determined the rate and method of any compensation.

56. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

57. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

58. Defendants failed to pay Plaintiff Lin at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

59. Defendants' failure to pay Plaintiff Lin at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

60. Plaintiff Martinez was damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

61. Plaintiff Lin repeats and realleges all paragraphs above as though fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff Lin's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Lin, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

63. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

65. Defendants, in violation of 29 U.S.C. § 207 (a)(1), failed to pay Plaintiff Lin overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

66. Defendants' failure to pay Plaintiff Lin overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

67. Plaintiff Lin was damaged in an amount to be determined at trial.

THIRD CAUSE OF ACTION
(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

68. Plaintiff Lin repeats and re-alleges all paragraphs above as though fully set forth herein.

69. At all times relevant to this action, Defendants were Plaintiff Lin's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Lin, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

70. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Lin less than the minimum wage.

84. Defendants' failure to pay Plaintiff Lin the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

71. Plaintiff Lin was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

72. Plaintiff Lin repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants, in violation of N.Y. Lab. Law § 190 et seq. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Lin overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

74. Defendants' failure to pay Plaintiff Lin overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

75. Plaintiff Lin was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

76. Plaintiff Lin repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants failed to provide Plaintiff Lin with a written notice, in English and in Chinese (Plaintiff Lin's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

78. Defendants are liable to Plaintiff Lin in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

79. Plaintiff Lin repeats and realleges all paragraphs above as though set forth fully herein.

80. Defendants did not provide Plaintiff Lin with wage statements upon each payment of wages, as required by NYLL 195(3).

81. Defendants are liable to Plaintiff Lin in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMISSIONER OF LABOR

82. Plaintiff Lin repeats and realleges all paragraphs above as though fully set forth herein.

83. Defendants failed to pay Plaintiff Lin one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Lin's spread of hours exceeded ten hours in violation of NYLL §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

84. Defendants' failure to pay Plaintiff Lin an additional hour's pay for each day Plaintiff Lin's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

85. Plaintiff Lin was damaged in an amount to be determined at trial.

PRAYER FOR RELIEF WHEREFORE, Plaintiff Lin respectfully request that this Court enter judgment against Defendants by:

(a) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lin;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Lin's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Lin;

(d) Awarding Plaintiff Lin damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(e) Awarding Plaintiff Lin liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(f) Awarding Plaintiff Lin liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lin;

(h) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Lin;

(i) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Lin's compensation, hours, wages, and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Lin;

(k) Declaring that Defendants violated NYLL §196-d.

(l) Awarding Plaintiff Lin damages for the amount of unpaid minimum wage, spread of hours pay and overtime compensation, as well as damages for any improper deductions or credits taken against wages;

(m) Awarding Plaintiff Lin liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff Lin damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(o) Awarding Plaintiff Lin damages for Defendants' violation of the NYLL notice and recordkeeping Awarding Plaintiff Lin liquidated damages in an amount equal to one hundred percent (100%) of the spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(p) Awarding Plaintiff Lin pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Lin the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lin demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
Novermber 5, 2022

_____
ZHEN HUI LIN
*Plaintiff*


_____
KENNETH W. JIANG, ESQ.
*Attorney for Plaintiff*
Office and Post Office Address
5 West 37th Street, Suite 800
New York, New York 10018
Telephone: (212) 986-5303
Email: kjlaw0731@yahoo.com